DAN MARMALEFSKY (BAR NO. 95477)
DMarmalefsky@mofo.com
PURVI G. PATEL (BAR NO. 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

PENELOPE A. PREOVOLOS (BAR NO. 87607)
PPreovolos@mofo.com
DANIEL J. WILSON (BAR NO. 299239)
DWilson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
MONSTER BEVERAGE CORPORATION
and MONSTER ENERGY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW TOWNSEND and TED CROSS, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>     v.<br><br>MONSTER BEVERAGE CORPORATION, MONSTER ENERGY COMPANY,<br><br>       Defendants. | Case No. EDCV12-02188 VAP (OPx)<br><br>**DEFENDANT MONSTER ENERGY COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Hon. Virginia A. Phillips |

1    Defendant Monster Energy Company answers only those allegations

2    remaining following the United States Court of Appeals for the Ninth Circuit's

3    September 26, 2016 mandate regarding its July 8, 2016 judgment affirming in part,

4    reversing in part, and remanding this case for further proceedings consistent with its

5    disposition.  Specifically, the Ninth Circuit affirmed dismissal of all claims by

6    Plaintiff Alec Fisher, all off-label claims, and the on-label claims related to caffeine-

7    content.  The only claims that remain after remand are claims by Plaintiffs Matthew

8    Townsend and Ted Cross that concern specific representations on specific can labels.

9    The Ninth Circuit's ruling leaves the following four representations on the

10   labels of certain Monster Energy® drink products at issue in this case:  (1) "It's the

11   ideal combo of the right ingredients in the right proportion to deliver the big bad buzz

12   that only Monster can"; (2) "Quenches thirst, hydrates like a sports drink, and brings

13   you back after a hard day's night"; (3) "RE-FRESH, RE-HYDRATE, RE-VIVE

14   (OR) RE-STORE"; and (4) "[L]imit 3 cans per day."  The first statement appeared on

15   the original Green Monster Energy® cans.  The second and third statements appeared

16   on Monster Rehab® cans.  The last of these statements appeared on the original

17   Green Monster Energy® and Monster Rehab® cans.

18   Defendant Monster Energy Company answers as follows, for itself alone, the

19   allegations in the Second Amended Complaint ("SAC"), dated July 26, 2013 (Dkt.

20   No. 51) that were not dismissed by the Court and later affirmed by the Ninth Circuit.

21   Any and all allegations not specifically admitted herein are denied, including any

22   allegation to which Defendant inadvertently mischaracterizes below as having been

23   dismissed by the Court and affirmed by the Ninth Circuit.  No statement herein

24   constitutes a comment on the legal theories upon which Plaintiffs purport to proceed.

25   To the extent the SAC asserts legal contentions, such legal contentions require no

26   response in this Answer.  To the extent any response is required to headings or other

27   unnumbered paragraphs in the SAC, Defendant denies the factual allegations, if any,

28   contained in such headings or other unnumbered paragraphs.

## NATURE OF THE ACTION

1.      Defendant admits that Plaintiffs bring a purported consumer class action on behalf of purchasers of the Monster Rehab® products identified in Footnote 2 of the SAC and the original Green Monster Energy® product.  Except as so admitted, Defendant denies the allegations contained in Paragraph 1 of the SAC.

2.      Defendant admits that Monster Energy Company develops, markets, sells and, typically through third parties, distributes Monster Energy® drinks in the United States.  Defendant admits that Monster Energy is the number one energy brand in the United States in unit and dollar sales.  Except as so admitted, Defendant denies the allegations contained in Paragraph 2 of the SAC.

3.      Defendant admits that Monster Energy® drinks contain a proprietary "energy blend" of ingredients.  To the extent Plaintiffs purport to summarize, interpret, or state the contents of any scientific studies, Defendant denies any characterization inconsistent with the content of those studies.  Except as so admitted, Defendant denies the allegations contained in Paragraph 3 of the SAC.

4.      No response is required to Paragraph 4 of the SAC, including footnote 3, because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

5.      Defendant admits that Monster Rehab® product can labels contained the statement "quenches thirst, hydrates like a sports drink, and brings you back after a hard day's night."  Defendant further admits that Monster Rehab® product can labels contain or contained the statement "RE-FRESH, RE-HYDRATE, RE-VIVE (OR) RE-STORE."  Except as so admitted and except to the extent that no response is required because the allegations (specifically, "marketing, advertising") pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit, Defendant denies the allegations contained in Paragraph 5 of the SAC.

1    6.    No response is required to the third sentence in Paragraph 6 of the SAC

2    because the allegations pertain to claims dismissed by the Court in its November 12,

3    2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

4    Defendant admits that Monster Rehab® product can labels contained the statement

5    "quenches thirst, hydrates like a sports drink, and brings you back after a hard day's

6    night."  Except as so admitted, Defendant denies the allegations contained in

7    Paragraph 6 of the SAC.

8    7.    Defendant admits that the original Green Monster Energy® drink

9    contains the statement "It's the ideal combo of the right ingredients in the right

10   proportion to deliver the big bad buzz that only Monster can."  No response is

11   required to the final clause in the third sentence of Paragraph 7 of the SAC

12   (specifically, "especially unsafe for the youth and children that Monster targets with

13   its marketing") because the allegations pertain to claims dismissed by the Court in its

14   November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the

15   Ninth Circuit.  Except as so admitted, Defendant denies the allegations contained in

16   Paragraph 7 of the SAC.

17   8.    No response is required to Paragraph 8 of the SAC because the

18   allegations pertain to claims dismissed by the Court in its November 12, 2013 order

19   [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

20   9.    No response is required to Paragraph 9 of the SAC because the

21   allegations pertain to claims dismissed by the Court in its November 12, 2013 order

22   [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

23   10.    No response is required to Paragraph 10 of the SAC because the

24   allegations pertain to claims dismissed by the Court in its November 12, 2013 order

25   [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

26   11.    No response is required to Paragraph 11 of the SAC because the

27   allegations pertain to claims dismissed by the Court in its November 12, 2013 order

28   [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

12.     No response is required to portions of the first sentence in Paragraph 12 of the SAC (specifically, "especially adolescents and youth" and "Monster's advertising, marketing and promotions specifically target the 13 to 24 age group") or to the second sentence in Paragraph 12 because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.  Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of the document attached as Exhibit B to the SAC, but denies any characterization of the document that is inconsistent with its content.  Except as so admitted, Defendant denies the allegations contained in Paragraph 12 of the SAC.

13.     No response is required to Paragraph 13 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

14.     No response is required to portions of the second sentence in Paragraph 14 of the SAC (specifically, the text associated with roman numerals (i) and (iii)) because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit. Defendant admits that Monster Rehab® can labels no longer contain the statement "hydrates like a sports drink and brings you back after a hard day's night" and currently contain the statement "fires you up and is the perfect choice after a hard day's night."  Except as so admitted, Defendant denies the allegations contained in Paragraph 14 of the SAC.

15.     No response is required to portions of Paragraph 15 of the SAC (specifically, "Monster Energy Drinks enjoy . . . 35% of the youth market") because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit. Defendant admits that Monster Beverage Corporation reported gross sales by its operating subsidiaries exceeding two billion dollars in 2012, primarily as a result of

Monster Energy Company's sale of Monster Energy® drinks.  Except as so admitted, Defendant denies the allegations contained in Paragraph 15 of the SAC.

### **JURISDICTION AND VENUE**

16.    No response is required to the second sentence of Paragraph 16 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.  Defendant admits that this Court has jurisdiction over certain claims alleged in this action.  Except as so admitted, Defendant denies the allegations contained in Paragraph 16 of the SAC.

17.    Defendant admits that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, *et seq*., and that Plaintiffs purport to summarize, interpret, or state the contents of CAFA.  Defendant denies any characterization of CAFA that is inconsistent with its content.  Defendant denies that class treatment is appropriate or warranted.  Except as so admitted, Defendant denies the allegations contained in Paragraph 17 of the SAC.

18.    Defendant admits that it is a citizen of California because its principal place of business is located in California, and that diversity of citizenship exists under CAFA based on Plaintiffs' proposed nationwide class.  Defendant admits that Plaintiffs allege that the total number of members of the proposed class exceed 100, which meets the requirements for jurisdiction under CAFA.  Defendant denies that class treatment is appropriate or warranted.  Except as so admitted, Defendant denies the allegations contained in Paragraph 18 of the SAC.

19.    Defendant admits that Plaintiffs allege that the amount in controversy is in excess of $5 million, which meets the requirements for jurisdiction under CAFA.  Defendant denies that class treatment is appropriate or warranted.  Except as so admitted, Defendant denies the allegations contained in Paragraph 19 of the SAC.

20.    Defendant admits that it markets, advertises, and sells Monster Energy® drinks in California, and that this Court has personal jurisdiction over it.  Except as

1     so admitted, Defendant denies the allegations contained in Paragraph 20 of the SAC.

2         21.     Defendant admits that it markets, advertises, and sells Monster Energy®

3     drinks in the Central District of California, and that venue is proper in this Court.

4     Except as so admitted, Defendant denies the allegations contained in Paragraph 21 of

5     the SAC.

6         22.     Defendant admits that it markets, advertises, and sells Monster Energy®

7     drinks in California and throughout the United States, and that it maintains its

8     headquarters in California, from which it makes business decisions regarding the

9     marketing, advertising, and sale of Monster Energy® drinks.  Except as so admitted,

10     Defendant denies the allegations contained in Paragraph 22 of the SAC.

11                           **PARTIES**

12         23.     No response is required to Paragraph 23 of the SAC because the

13     allegations pertain to claims dismissed by the Court in its November 12, 2013 order

14     [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

15         24.     Defendant admits that Monster Rehab® product can labels contained the

16     statement "quenches thirst, hydrates like a sports drink, and brings you back after a

17     hard day's night."  Defendant admits that Plaintiffs purport to summarize, interpret,

18     or state the contents of certain Monster Energy® drink can labels, but denies any

19     characterization of the labels that is inconsistent with the labels' content.  Defendant

20     admits that Plaintiffs purport to summarize, interpret, or state the contents of the

21     article cited in footnote 4 of Paragraph 24(b), but denies any characterization of the

22     article that is inconsistent with its content.  Defendant lacks knowledge or

23     information sufficient to form a belief as to the truth of the remaining allegations in

24     Paragraph 24 of the SAC, and therefore denies these allegations.

25         25.     Defendant admits that the original Green Monster Energy® can label

26     contains the statement "It's the ideal combo of the right ingredients in the right

27     proportion to deliver the big bad buzz that only Monster can."  Defendant admits that

28     Plaintiffs purport to summarize, interpret, or state the contents of certain Monster

1  Energy® drink can labels, but denies any characterization of the labels that is

2  inconsistent with the labels' content.  Defendant lacks knowledge or information

3  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25

4  of the SAC and therefore denies these allegations.

5     26. Defendant admits that Monster Beverage Corporation (f/k/a Hansen

6  Natural Corporation) is a publicly traded holding company incorporated in Delaware

7  and headquartered in Corona, California.  Defendant admits that Monster Beverage

8  Corporation conducts no operating business except through its wholly-owned

9  subsidiaries, including Monster Energy Company, which develops, markets, sells,

10  and, typically through third parties, distributes Monster Energy® drinks in the United

11  States.  Except as so admitted, Defendant denies the allegations contained in

12  Paragraph 26 of the SAC.

13     27. Defendant admits that it is a wholly-owned subsidiary of Monster

14  Beverage Corporation and is incorporated in Delaware and headquartered in Corona,

15  California.  Defendant admits that it was formerly named Hansen Beverage

16  Company, and that it manufactures (via third party co-packers) and distributes (via

17  third party distributors) Monster Energy® drinks.  Except as so admitted, Defendant

18  denies the allegations contained in Paragraph 27 of the SAC.

19     28. Defendant admits that, before 2012, Monster Beverage Corporation was

20  named Hansen Natural Corporation and that it was named Hansen Beverage

21  Company.  Defendant admits that its Monster Energy® drinks accounted for

22  approximately 89.9%, 91.2%, and 92.3% of consolidated net sales of Monster

23  Beverage Corporation's operating subsidiaries for the years ending on December 31,

24  2010, 2011, and 2012, respectively.  Except as so admitted, Defendant denies the

25  allegations contained in Paragraph 28 of the SAC.

26     29. Defendant admits that it is responsible (including through third parties)

27  for designing, manufacturing, producing, testing, studying, inspecting, mixing,

28  labeling, marketing, advertising, selling, promoting, and distributing Monster

1   Energy® drinks.  Except as so admitted, Defendant denies the allegations contained

2   in Paragraph 29 of the SAC.

3                                            **BACKGROUND**

4   **A.     A MONSTER WAS BORN.**

5          30.    No response is required to the second sentence of Paragraph 30 of the

6   SAC and the block-quote that follows that sentence because the allegations pertain to

7   claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the

8   dismissal of which was affirmed by the Ninth Circuit.  Defendant admits that its

9   predecessor-in-name Hansen Beverage Company hired Mark Hall in 1997.  Except as

10  so admitted, Defendant denies the allegations contained in Paragraph 30 of the SAC.

11         31.    No response is required to Paragraph 31 of the SAC because the

12  allegations pertain to claims dismissed by the Court in its November 12, 2013 order

13  [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

14  **B.     INGREDIENTS IN MONSTER DRINKS COMBINE TO DELIVER
            MASSIVE AMOUNTS OF CAFFEINE.**
15

16         32.    Defendant admits that Monster Rehab® and original Green® Monster

17  Energy® drinks contain caffeine, guarana, taurine, Panax ginseng, glucuronolactone,

18  L-carnitine, B vitamins, and other ingredients.  Defendant admits that guarana

19  contains caffeine and can contain theobromine and theophylline.  Defendant admits

20  that taurine naturally occurs in the human body and is an amino acid.  Defendant

21  admits that ginseng is a root found in East Asia.  Defendant admits that Plaintiffs

22  purport to summarize, interpret, or state the contents of an article entitled "Energy

23  Drinks:  What Teenagers (and Their Doctors) Should Know" and unspecified

24  research allegedly performed at the University of Alabama at Birmingham, but

25  denies any characterization of the article or research that is inconsistent with their

26  contents.  Defendant lacks knowledge or information sufficient to form a belief as to

27  the truth of Plaintiffs' allegations in Paragraph 32 that a gram of guarana can "add 40

28  mg to 80mg of additional caffeine with a potentially longer half-life" to unidentified

1   products and that coffee never contains guarana, taurine, ginseng, B vitamins,

2   glucuronolactone, Yohimbe, carnitine, bitter orange, and other unspecified

3   ingredients.  Except as so admitted, Defendant denies the allegations contained in

4   Paragraph 32 of the SAC.

### C.   MONSTER'S MARKETING, ADVERTISING, AND LABELING WAS FALSE AND MISLEADING.

7        Defendant denies the allegations in footnote 5, which is affixed to the heading

8   immediately preceding Paragraph 33 of the SAC.

9        33.   No response is required to portions of the first sentence of Paragraph 33

10   of the SAC (specifically, "marketing, advertising," and "the Internet as well as in

11   other forms of advertising and promotions") because the allegations pertain to claims

12   dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal

13   of which was affirmed by the Ninth Circuit.  Defendant admits that Monster Rehab®

14   product can labels contained the statement "quenches thirst, hydrates like a sports

15   drink, and brings you back after a hard day's night."  Except as so admitted,

16   Defendant denies the allegations contained in Paragraph 33 of the SAC.

17        34.   Defendant admits that the Monster Rehab® Tea + Lemonade can label

18   contained the statement "RE-FRESH, RE-HYDRATE, RE-STORE" and that

19   Monster Rehab® product can labels contain the statement "RE-FRESH, RE-

20   HYDRATE, RE-VIVE."  Except as so admitted, Defendant denies the allegations

21   contained in Paragraph 34 of the SAC.

22        35.   Defendant admits that the original Green Monster Energy® can label

23   contains the statement "It's the ideal combo of the right ingredients in the right

24   proportion to deliver the big bad buzz that only Monster can."  Except as so admitted

25   and except to the extent that no response is required because the allegations

26   (specifically, "marketing, advertising") pertain to claims dismissed by the Court in its

27   November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the

28   Ninth Circuit, Defendant denies the allegations contained in Paragraph 35 of the

1    SAC.

2    **D.    REASONS WHY MONSTER'S MARKETING, ADVERTISING, AND**
3    **LABELING IS FALSE AND MISLEADING.**

4        36.    Defendant admits that Plaintiffs purport to quote Monster Rehab® can

5    label statements, but denies any characterization of the statements that is inconsistent

6    with the statements' content.  Defendant admits that Plaintiffs purport to summarize,

7    interpret, or state the contents of an unidentified 2009 Mayo Clinic study, but denies

8    any characterization of the study that is inconsistent with that study's content.

9    Defendant admits that some products labeled as sports drinks contain water, salt, and

10   sugar and can replenish electrolytes lost during exercise.  Except as so admitted,

11   Defendant denies the allegations contained in Paragraph 36 of the SAC.

12       37.    Defendant admits that Monster Rehab® and original Green Monster

13   Energy® drinks contain caffeine and guarana.  Defendant admits that Plaintiffs

14   purport to summarize, interpret, or state the contents of  articles entitled "Dangers of

15   Monster Energy Drinks" and "Energy Drinks:  What Teenagers (and Their Doctors)

16   Should Know," and unspecified research performed at Brown University, but denies

17   any characterization of the articles and research that is inconsistent with the content

18   of articles and research, respectively.  Except as so admitted, Defendant denies the

19   allegations contained in Paragraph 37 of the SAC.

20       38.    Defendant admits that Monster Rehab® can labels contained the

21   statement "quenches thirst, hydrates like a sports drink, and brings you back after a

22   hard day's night." Defendant admits that Plaintiffs purport to summarize, interpret, or

23   state the contents of a report entitled "Youth and Energy Drinks," but denies any

24   characterization of the report that is inconsistent with its content.  Except as so

25   admitted, Defendant denies the allegations contained in Paragraph 38 of the SAC.

26       39.    Defendant admits that Monster Rehab® can labels no longer contain the

27   statement "quenches thirst, hydrates like a sports drink, and brings you back after a

28   hard day's night," and currently contain the statement "quenches thirst, fires you up,

1    and is the perfect choice after a hard day's night."  Except as so admitted, Defendant

2    denies the allegations contained in Paragraph 39 of the SAC.

3       40.    No response is required to Paragraph 40 of the SAC because the

4    allegations pertain to claims dismissed by the Court in its November 12, 2013 order

5    [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

6       41.    Defendant admits that the original Green Monster Energy® drink

7    contains the statement "It's the ideal combo of the right ingredients in the right

8    proportion to deliver the big bad buzz that only Monster can."  Except as so admitted,

9    Defendant denies the allegations contained in Paragraph 41 of the SAC.

10       42.    Defendant admits that Monster Rehab® and original Green® Monster

11    Energy® drink can labels contained the statement "Consume responsibly — Max 1

12    can per four hours, with limit 3 cans per day.  Not recommended for children, people

13    sensitive to caffeine, pregnant women or women who are nursing" or "Consume

14    Responsibly — Limit (3) cans per day.  Not recommended for children, pregnant

15    women or people sensitive to caffeine."  Except as so admitted, Defendant denies the

16    allegations contained in Paragraph 42 of the SAC.

17       43.    Defendant admits that three 16-oz cans of Monster Energy® drinks

18    collectively would typically contain a total of approximately 480 milligrams of

19    caffeine.  Defendant admits that Plaintiffs purport to summarize, interpret, or state

20    the contents of unspecified studies by the University of California and in the journal

21    *Pediatrics*, but denies any characterization of the studies that is inconsistent with the

22    content of those studies.  Except as so admitted, Defendant denies the allegations

23    contained in Paragraph 43 of the SAC.

24       44.    Defendant admits that Monster Rehab® and original Green® Monster

25    Energy® drink can labels contain the statement "consume responsibly."  Except as so

26    admitted, Defendant denies the allegations contained in Paragraph 44 of the SAC.

27       45.    No response is required to portions of the second sentence in Paragraph

28    45 of the SAC (specifically, the reference to former plaintiff Alec Fisher) because the

allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.  Defendant admits that Monster Rehab® and original Green® Monster Energy® drink can labels contain the statement "Not recommended for children, people sensitive to caffeine, pregnant women or women who are nursing."  Except as so admitted, Defendant denies the allegations contained in Paragraph 45 of the SAC.

**E.   MONSTER MARKETS ITS ENERGY DRINKS PRIMARILY TO TEENAGERS BUT ENTIRELY OMITS ANY WARNINGS DIRECTED AT THAT TARGET MARKET.**

46.   No response is required to Paragraph 46 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

47.   No response is required to Paragraph 47 of the SAC, including footnote 6, because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

48.   No response is required to Paragraph 48 of the SAC, including footnote 7, because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

49.   No response is required to Paragraph 49 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

50.   No response is required to Paragraph 50 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

**F.   MONSTER'S STRONG REFERENCES TO ALCOHOL AND SEX PROMOTES CONSUMPTION (DEPENDENCE) AMONG TEENAGERS WHILE OBSCURING UNDISCLOSED HEALTH RISKS.**

51.   No response is required to Paragraph 51 of the SAC because the

allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

52.     No response is required to Paragraph 52 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

53.     No response is required to Paragraph 53 of the SAC, including footnote 8, because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

54.     No response is required to Paragraph 54 of the SAC, including footnote 9, because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

55.     No response is required to Paragraph 55 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

56.     No response is required to Paragraph 56 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

**G.     FURTHER EVIDENCING INTENTIONAL MISCONDUCT, MONSTER DECEIVES ITS CONSUMERS INTO BELIEVING THAT THE CELEBRITIES AND ATHLETES ENDORSING MONSTER DRINKS ARE CONSUMING SUCH DRINK WHEN THEY ARE DRINKING WATER.**

57.     No response is required to Paragraph 57 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

58.     No response is required to Paragraph 58 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

59.     No response is required to Paragraph 59 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

60.     No response is required to Paragraph 60 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

**H.     MONSTER'S UNFAIR AND DECEPTIVE LABELING, ADVERTISING, AND MARKETING EXPOSES CONSUMERS TO SERIOUS HEALTH RISKS.**

61.     Defendant admits that it has publicly stated that Monster Energy® drinks are safe and that billions have been safely consumed around the world since their launch in 2002.  Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of the document attached as Exhibit B to the SAC, but denies any characterization of the document that is inconsistent with that document's content.  Defendant admits that Plaintiffs purport to quote statements made by Rodney Sacks and Mark Hall in footnote 10, but denies any characterization of the purported statements that is inconsistent with the statements' content.  Except as so admitted, Defendant denies the allegations contained in Paragraph 61 of the SAC.

62.     Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of the November 2011 "Dawn Report" in addition to a 2013 update of that report, but denies any characterization of those reports that is inconsistent with their contents.  Except as so admitted, Defendant denies the allegations contained in Paragraph 62 of the SAC.

63.     Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of a 2013 update to the "Dawn Report," but denies any characterization of the report that is inconsistent with that report's content.  Except as so admitted, Defendant denies the allegations contained in Paragraph 63 of the SAC.

64.     Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of an unidentified article by the American Academy of Pediatrics and an

article entitled "Energy Drinks:  What Teenagers (and Their Doctors) Should Know," but denies any characterization of the articles that is inconsistent with the content of the articles.  Except as so admitted, Defendant denies the allegations contained in Paragraph 64 of the SAC, including footnote 11.

65.    Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of a statement by a Dr. Suzanne Steinbaum, an unidentified survey performed by Johns Hopkins University, and an unidentified study by the American Heart Association, but denies any characterization of the statement, survey, or study that is inconsistent with their contents.  Except as so admitted, Defendant denies the allegations contained in Paragraph 65 of the SAC.

66.    Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of the document attached as Exhibit C to the SAC, but denies any characterization of the document that is inconsistent with content of that document. Except as so admitted, Defendant denies the allegations contained in Paragraph 66 of the SAC.

67.    Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of a policy purportedly endorsed by certain voting members of the American Medical Association and unspecified studies allegedly cited by those members, but denies any characterization of the policy and studies that is inconsistent with the policy's and studies' content.  Except as so admitted, Defendant denies the allegations contained in Paragraph 67 of the SAC.

68.    Defendant denies the allegations contained in Paragraph 68 of the SAC.

## I.    MONSTER'S POST-COMPLAINT REVISIONS TO THE COMPANY'S MARKETING AND LABELING CONFIRM THE UNFAIR AND DECEPTIVE NATURE OF THE PRACTICES ALLEGED HEREIN.

69.    No response is required to portions Paragraph 69(a) and (c) of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit. Defendant otherwise admits that Monster Rehab® can labels no longer contain the

statement "hydrates like a sports drink and brings you back after a hard day's night," and currently contain the statement "fires you up and is the perfect choice after a hard day's night."  Except as so admitted, Defendant denies the allegations contained in Paragraph 69 of the SAC.

## CLASS ACTION ALLEGATIONS

70.    Defendant admits that Plaintiffs purport to bring a putative class action and seek to certify a class as defined in Paragraph 70 of the SAC.  Defendant denies that class treatment is appropriate.

71.    Defendant admits that Plaintiffs purport to exclude certain individuals and entities from their proposed class definition as described in Paragraph 71 of the SAC.  Defendant denies that class treatment is appropriate.

72.    Defendant admits that Plaintiffs allege in Paragraph 72 of the SAC that they may "expand or narrow" their proposed class definition.  Defendant denies that class treatment is appropriate.

73.    Except to the extent that no response is required because the allegations (specifically, "marketing, advertising") pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit, Defendant denies the allegations contained in Paragraph 73 of the SAC.

74.    Defendant denies the allegations contained in Paragraph 74 of the SAC.

75.    Defendant denies the allegations contained in Paragraph 75 of the SAC.

76.    No response is required to portions of Paragraph 76(a) and(g) (specifically, "advertising," "marketing," and "promotion") and all of Paragraph 76(b) and (h) of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.  Defendant otherwise denies the allegations contained in Paragraph 76 of the SAC, including the balance of subparagraphs (a) and (g), and all of subparagraphs (c)-(f), and (i)-(k).

77.     Defendant denies the allegations contained in Paragraph 77 of the SAC.

78.     Defendant denies the allegations contained in Paragraph 78 of the SAC.

79.     Defendant denies the allegations contained in Paragraph 79 of the SAC.

80.     Defendant denies the allegations contained in Paragraph 80 of the SAC.

81.     Defendant denies the allegations contained in Paragraph 81 of the SAC.

82.     Defendant denies the allegations contained in Paragraph 82 of the SAC.

## COUNT 1

**For Violations of the UCL, Cal. Bus. & Prof. Code Section 17200, *et seq.***

83.     Defendant realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

84.     Defendant admits that Plaintiffs purport to bring a cause of action under California Business & Professions Code §17200, *et seq.* (the "UCL") and that Plaintiffs purport to summarize, interpret, or state its contents.  Defendant denies any characterization of the UCL that is inconsistent with its content.

85.     Except to the extent that no response is required because the allegations (specifically, "marketing, advertising") pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit, Defendant denies the allegations contained in Paragraph 85 of the SAC.

86.     Defendant admits that Monster Rehab® can labels contained the statement "hydrates like a sports drink and brings you back after a hard day's night" and that they contain or contained the statement "RE-FRESH, RE-HYDRATE, RE-VIVE (OR) RE-STORE."  Except as so admitted, Defendant denies the allegations contained in Paragraph 86 of the SAC.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 87 of the SAC, therefore denies these allegations.  Defendant otherwise denies the allegations contained in Paragraph 87 of the SAC.

88.     Defendant admits that Monster Rehab® can labels no longer contain the statement "quenches thirst, hydrates like a sports drink, and brings you back after a hard day's night," and currently contain the statement "quenches thirst, fires you up, and is the perfect choice after a hard day's night."  Except as so admitted, Defendant denies the allegations contained in Paragraph 88 of the SAC.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations contained in the second sentence of Paragraph 89 of the SAC.  Defendant admits that original Green Monster Energy® drink can labels contain the statement "It's the ideal combo of the right ingredients in the right proportion to deliver the big bad buzz that only Monster can."  Except as so admitted, Defendant denies the allegations contained in Paragraph 89 of the SAC.

90.     No response is required to portions of the second sentence in Paragraph 90 of the SAC (specifically, "especially unsafe for the youth and children that Monster target [sic] with its marketing") because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.  Defendant otherwise denies the allegations contained in Paragraph 90 of the SAC.

91.     Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §109875, *et seq*., and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 343 a-1, but denies any characterization of those laws that is inconsistent with the content of the sections.  Except as so admitted, Defendant denies the allegations contained in Paragraph 91 of the SAC.

92.     Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of California Business & Professions Code §17200, *et seq*., and §17500, *et seq*., and California Civil Code § 1750, *et seq*., but denies any characterization of those statutes that is inconsistent with the contents of the sections, respectively. Except as so admitted, Defendant denies the allegations contained in Paragraph 92 of

the SAC.

93.     Except to the extent that no response is required because the allegations (specifically, "marketing, advertising") pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit, Defendant denies the allegations contained in Paragraph 93 of the SAC.

94.     Defendant admits that Monster Rehab® can labels contained the statement "hydrates like a sports drink."  Defendant admits that Plaintiffs purport to summarize, interpret, or state the contents of unidentified scientific studies, but denies any characterization of those studies that is inconsistent with their content. Except as so admitted, Defendant denies the allegations contained in Paragraph 94 of the SAC.

95.     No response is required to Paragraph 95 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

96.     No response is required to portions of Paragraph 96 of the SAC (specifically, "especially unsafe for the youth and children that Monster targets") because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit. Defendant otherwise denies the allegations contained in Paragraph 96 of the SAC.

97.     No response is required to Paragraph 97 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

98.     No response is required to Paragraph 98 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

99.     No response is required to Paragraph 99 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order

[ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

100.   No response is required to Paragraph 100 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.

101.   Defendant denies the allegations contained in Paragraph 101 of the SAC.

102.   Except to the extent that no response is required because the allegations (specifically, "marketing, advertising" and "marketed, advertised") pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit, Defendant denies the allegations contained in Paragraph 102 of the SAC.

103.   No response is required to portions of the first (specifically, "marketing, advertising") and all of the third and fourth sentences of Paragraph 103 of the SAC because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit. Defendant otherwise denies the allegations contained in Paragraph 103 of the SAC.

104.   Except to the extent that no response is required because the allegations (specifically, "marketed, advertised") pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit, Defendant denies the allegations contained in Paragraph 104 of the SAC.

105.   Defendant denies the allegations contained in Paragraph 105 of the SAC.

106.   Defendant admits that Plaintiffs purport to bring a class action under the UCL.  Except as so admitted, Defendant denies the allegations contained in Paragraph 106 of the SAC.

107.   Defendant admits that Plaintiffs purport to seek relief under California Business & Professions Code §17203.  Except as so admitted, Defendant denies the

20

allegations contained in Paragraph 107 of the SAC, and denies that Plaintiffs are entitled to any relief.

### COUNT II

#### For Violations of the FAL, Bus. & Prof. Code Section 17500, *et seq*.

108.   Defendant realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

109.   Except to the extent that no response is required because the allegations (specifically, "advertising" and "marketing") pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit, Defendant denies the allegations contained in Paragraph 109 of the SAC.

110.   No response is required to any portion of the first sentence of Paragraph 110 of the SAC other than allegations about labeling because the allegations pertain to claims dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit.  Defendant admits that it labels Monster Energy® drinks.  Except as so admitted, Defendant denies the allegations contained in Paragraph 110 of the SAC.

111.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 111 of the SAC and therefore denies such allegations.  Defendant admits that Monster Rehab® can labels contained the statement "quenches thirst, hydrates like a sports drink, and brings you back after a hard day's night" and that they contain or contained the statement "RE-FRESH, RE-HYDRATE, RE-VIVE (OR) RE-STORE."  Except as so admitted, Defendant denies the allegations contained in Paragraph 111 of the SAC.

112.   Defendant admits that Monster Rehab® can labels no longer contain the statement "quenches thirst, hydrates like a sports drink, and brings you back after a hard day's night," and currently contain the statement "quenches thirst, fires you up, and is the perfect choice after a hard day's night."  Except as so admitted and except

1   to the extent that no response is required because the allegations (specifically,

2   "marketing") pertain to claims dismissed by the Court in its November 12, 2013

3   order [ECF No. 72], the dismissal of which was affirmed by the Ninth Circuit,

4   Defendant denies the allegations contained in Paragraph 112 of the SAC.

5        113.   Defendant lacks knowledge or information sufficient to form a belief as

6   to the allegations contained in the second sentence of Paragraph 113 of the SAC.

7   Defendant admits that the original Green Monster Energy® drink contains the

8   statement "It's the ideal combo of the right ingredients in the right proportion to

9   deliver the big bad buzz that only Monster can."  Except as so admitted and except to

10  the extent that no response is required because the allegations (specifically,

11  "marketing, advertising") pertain to claims dismissed by the Court in its November

12  12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the Ninth

13  Circuit, Defendant denies the allegations contained in Paragraph 113 of the SAC.

14       114.   No response is required to portions of the second sentence of Paragraph

15  114 of the SAC (specifically, "especially unsafe for the youth and children that

16  Monster target with its marketing") because the allegations pertain to claims

17  dismissed by the Court in its November 12, 2013 order [ECF No. 72], the dismissal

18  of which was affirmed by the Ninth Circuit.  Defendant otherwise denies the

19  allegations contained in Paragraph 114 of the SAC.

20       115.   No response is required to portions of the first sentence of Paragraph

21  115 of the SAC (specifically, "advertisements," "inducements," and "promotional

22  materials") because the allegations pertain to claims dismissed by the Court in its

23  November 12, 2013 order [ECF No. 72], the dismissal of which was affirmed by the

24  Ninth Circuit.  Defendant lacks knowledge or information sufficient to form a belief

25  as to the truth of the allegations contained in the second sentence of Paragraph 115 of

26  the SAC and therefore denies these allegations.  Defendant otherwise denies the

27  allegations contained in Paragraph 115 of the SAC.

28       116.   Defendant denies the allegations contained in Paragraph 116 of the

1   SAC.

2        117.   Defendant admits that Plaintiffs purport to seek relief under California

3   Business & Professions Code §17535.  Except as so admitted, Defendant denies the

4   allegations contained in Paragraph 117 of the SAC, and denies that Plaintiffs are

5   entitled to any relief.

6                                    **<u>COUNT III</u>**

7            **For Violations of the CLRA, Cal. Civ. Code Section 1750, *et seq*.**

8        118.   Defendant realleges and incorporates by reference each and every

9   preceding paragraph of this Answer as if fully set forth herein.

10       119.   Defendant admits that Plaintiffs purport to bring a cause of action under

11   California Civil Code § 1750, *et seq*.

12       120.   Defendant states that insofar as the allegations in Paragraph 120 of the

13   SAC state conclusions of law, no response thereto is required, and otherwise denies

14   the allegations contained in Paragraph 120 of the SAC.

15       121.   Defendant states that insofar as the allegations in Paragraph 121 of the

16   SAC state conclusions of law, no response thereto is required, and otherwise denies

17   the allegations contained in Paragraph 121 of the SAC.

18       122.   Defendant states that insofar as the allegations in Paragraph 122 of the

19   SAC state conclusions of law, no response thereto is required, and otherwise denies

20   the allegations contained in Paragraph 122 of the SAC.

21       123.   Except to the extent that no response is required because the allegations

22   (specifically, "advertising, marketing, promotion") pertain to claims dismissed by the

23   Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was

24   affirmed by the Ninth Circuit, Defendant denies the allegations contained in

25   Paragraph 123 of the SAC.

26       124.   Except to the extent that no response is required because the allegations

27   (specifically, "advertising, marketing, promotion") pertain to claims dismissed by the

28   Court in its November 12, 2013 order [ECF No. 72], the dismissal of which was

1  affirmed by the Ninth Circuit, Defendant denies the allegations contained in
2  Paragraph 124 of the SAC, including subparagraphs (a)-(e).

3      125.   Defendant admits that Plaintiffs purport to seek injunctive relief and
4  restitution.   Except so admitted, Defendant denies the allegations contained in
5  Paragraph 125 of the SAC, and denies that Plaintiffs are entitled to any relief.

6      126.   Defendant admits that Plaintiffs purport to seek relief under California
7  Civil Code §1780(d).  Except as so admitted, Defendant denies the allegations
8  contained in Paragraph 126 of the SAC, and denies that Plaintiffs are entitled to any
9  relief.

10     127.   Defendant admits that former plaintiff Alec Fisher sent Monster
11  Beverage Corporation and Monster Energy Company a letter dated December 12,
12  2012, purporting to provide "Notice of Violation of Violation of California
13  Consumer Legal Remedies Act and the Magnuson-Moss Warranty Act."  Defendant
14  admits that Plaintiffs purport to summarize, interpret, or state the contents of this
15  letter, but denies any characterization of the letter that is inconsistent with the letter's
16  content.  Except as so admitted, Defendant denies the allegations contained in
17  Paragraph 127 of the SAC.

18     128.   Defendant denies the allegations contained in Paragraph 128 of the
19  SAC.

20     129.   Defendant admits that Plaintiffs purport to seek relief under California
21  Civil Code §1780(a)(3).   Except so admitted, Defendant denies the allegations
22  contained in Paragraph 129 of the SAC, and deny the Plaintiffs are entitled to any
23  relief.

24     130.   Defendant admits that Plaintiffs purport to seek attorneys' fees under
25  California Civil Code §1780(d).   Except so admitted, Defendant denies the
26  allegations contained in Paragraph 130 of the SAC, and denies that Plaintiffs are
27  entitled to any attorneys' fees.

28

## COUNT IV

### Breach of Express and Implied Warranty

131.   No response is required to Paragraph 131 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

132.   No response is required to Paragraph 132 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

133.   No response is required to Paragraph 133 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

134.   No response is required to Paragraph 134 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

135.   No response is required to Paragraph 135 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

136.   No response is required to Paragraph 136 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

137.   No response is required to Paragraph 137 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's

November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

138.   No response is required to Paragraph 138 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

139.   No response is required to Paragraph 139 of the SAC because the Court dismissed Plaintiffs' breach of express and implied warranty claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

## **COUNT V**

### **For Violations of the MMWA, 15 U.S.C. Section 2301, *et seq*.**

140.   No response is required to Paragraph 140 of the SAC because the Court dismissed Plaintiffs' MMWA claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

141.   No response is required to Paragraph 141 of the SAC because the Court dismissed Plaintiffs' MMWA claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

142.   No response is required to Paragraph 142 of the SAC because the Court dismissed Plaintiffs' MMWA claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

143.   No response is required to Paragraph 143 of the SAC because the Court dismissed Plaintiffs' MMWA claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

144.   No response is required to Paragraph 144 of the SAC because the Court dismissed Plaintiffs' MMWA claim in the Court's November 12, 2013 order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

145.   No response is required to Paragraph 145 of the SAC because the Court

1   dismissed Plaintiffs' MMWA claim in the Court's November 12, 2013 order [ECF

2   No. 72], and Plaintiffs did not challenge that ruling on appeal.

3       146.   No response is required to Paragraph 146 of the SAC because the Court

4   dismissed Plaintiffs' MMWA claim in the Court's November 12, 2013 order [ECF

5   No. 72], and Plaintiffs did not challenge that ruling on appeal.

6   ## COUNT VI

7   ### Unjust Enrichment

8       147.   No response is required to Paragraph 147 of the SAC because the Court

9   dismissed Plaintiffs' unjust enrichment claim in the Court's November 12, 2013

10   order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

11       148.   No response is required to Paragraph 148 of the SAC because the Court

12   dismissed Plaintiffs' unjust enrichment claim in the Court's November 12, 2013

13   order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

14       149.   No response is required to Paragraph 149 of the SAC because the Court

15   dismissed Plaintiffs' unjust enrichment claim in the Court's November 12, 2013

16   order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

17       150.   No response is required to Paragraph 150 of the SAC because the Court

18   dismissed Plaintiffs' unjust enrichment claim in the Court's November 12, 2013

19   order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

20       151.   No response is required to Paragraph 151 of the SAC because the Court

21   dismissed Plaintiffs' unjust enrichment claim in the Court's November 12, 2013

22   order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

23       152.   No response is required to Paragraph 152 of the SAC because the Court

24   dismissed Plaintiffs' unjust enrichment claim in the Court's November 12, 2013

25   order [ECF No. 72], and Plaintiffs did not challenge that ruling on appeal.

26   ## PRAYER FOR RELIEF

27       Defendant denies Plaintiffs are entitled to any of the requested relief, including

28   the relief requested in paragraphs A through J under the section entitled "Prayer for

27

1   Relief."

2   ## AFFIRMATIVE DEFENSES

3   Defendant has not completed its investigation of the facts of this case, has not

4   completed discovery in this matter, and has not completed preparation for trial.  The

5   affirmative defenses asserted herein are based on Defendant's knowledge,

6   information, and belief at this time, and Defendant specifically reserves the right to

7   modify, amend, or supplement any affirmative defenses contained herein at any time.

8   Defendant reserves the right to assert additional defenses as information is gathered

9   through discovery and investigation.  In asserting these defenses, Defendant does not

10  allege or admit that it has the burden of proof and/or persuasion with respect to any

11  of these matters, and does not assume the burden of proof and/or persuasion with

12  respect to any matter as to which Plaintiffs have the burden of proof or persuasion.

13  ### FIRST DEFENSE

14  Plaintiffs' claims and the claims of the purported class are barred, in whole or

15  in part, because they lack standing to assert any or all of the causes of action alleged

16  in the SAC.

17  ### SECOND DEFENSE

18  The SAC should be dismissed because the Court should abstain from

19  proceeding because Plaintiffs' claims raise issues that are within the jurisdiction of

20  the United States Food and Drug Administration ("FDA").

21  ### THIRD DEFENSE

22  The SAC should be dismissed pursuant to the doctrine of primary jurisdiction

23  because Plaintiffs' claims raise issues that should be addressed in the first instance by

24  the FDA.

25  ### FOURTH DEFENSE

26  The SAC should be dismissed by reason of express, implied, and/or field

27  preemption by the Food, Drug, and Cosmetic Act, 21 U.S.C. Sec. 341, *et seq*. and

28  related regulations.

**FIFTH DEFENSE**

The SAC is barred, in whole or in part, because the challenged statements are not actionable.

**SIXTH DEFENSE**

Plaintiffs' claims are barred because Defendant was under no duty to disclose any of the purported information Plaintiffs allege was not disclosed.

**SEVENTH DEFENSE**

The SAC is barred, in whole or in part, by the doctrines of waiver or estoppel.

**EIGHTH DEFENSE**

The SAC is barred, in whole or in part, because the statements at issue are protected under the First Amendment to the United States Constitution and the Free Speech clause of the California Constitution, Article I, Section 2.

**NINTH DEFENSE**

The SAC is barred, in whole or in part, because Plaintiffs' demands violate the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3.

**TENTH DEFENSE**

The claims against Defendant are barred, in whole or in part, by reason of Plaintiffs' failure to give proper notice of their claims.

**ELEVENTH DEFENSE**

Any claims for damages or other monetary recovery by Plaintiffs or the putative class must be offset and reduced by the value received

**TWELFTH DEFENSE**

Plaintiffs' claim for restitution is barred because the amount of damages, if any, is speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

**THIRTEENTH DEFENSE**

The claims are barred, in whole or in part, insofar as they seek equitable relief for claims for which there is an adequate legal remedy.

# DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues upon which trial by jury may be had.

# PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiffs take nothing by virtue of their SAC;

2.  That the Court render judgment in favor of Defendant, and dismiss the SAC with prejudice;

3.  That the Court otherwise deny class certification;

4.  That the Court award Defendant its reasonable costs, expenses, and attorneys' fees incurred herein; and

5.  For such other and further relief as the Court deems just and proper.


Dated:  March 27, 2017                MORRISON & FOERSTER LLP

                                By:  /s/ Dan Marmalefsky
                                     Dan Marmalefsky

                                *Attorneys for Defendants*
                                *Monster Beverage Corporation*
                                *and Monster Energy Company*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of March, 2017, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

/s/ Dan Marmalefsky
Dan Marmalefsky

*Attorneys for Defendants*
*Monster Beverage Corporation*
*and Monster Energy Company*

MONSTER ENERGY COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
sf-3745053