DAN MARMALEFSKY (BAR NO. 95477)
DMarmalefsky@mofo.com
PURVI G. PATEL (BAR NO. 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

PENELOPE A. PREOVOLOS (BAR NO. 87607)
PPreovolos@mofo.com
DANIEL J. WILSON (BAR NO. 299239)
DWilson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
MONSTER BEVERAGE CORPORATION
and MONSTER ENERGY COMPANY

*(Plaintiffs' counsel listed on next page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW TOWNSEND and TED CROSS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONSTER BEVERAGE CORPORATION and MONSTER ENERGY COMPANY,<br><br>Defendants. | Case No. EDCV12-02188 VAP (OPx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER AND PROTOCOL FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION**<br><br>Hon. Virginia A. Phillips |

AZRA Z. MEHDI (BAR NO. 220406)
azram@themehdifirm.com
THE MEHDI FIRM, PC
One Market
Spear Tower, Suite 3600
San Francisco, California 94105
Telephone: 415.293.8039
Facsimile: 415.293.8001

Attorneys for Plaintiffs
MATTHEW TOWNSEND, TED CROSS,
and the Putative Class

Plaintiffs Matthew Townsend and Ted Cross and Defendants Monster Beverage Corporation and Monster Energy Company stipulate and jointly move the Court to issue the following protective order ("Protective Order") and protocol for the production of electronically stored information ("ESI Production Protocol") to govern the disclosure of documents, things, and information produced in the above-captioned action (the "Action").

## 1. A. PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

This Action is likely to involve sensitive personal and commercial information, including the medical histories of the named plaintiffs, and trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other

things, private medical records, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. **DEFINITIONS**

2.1    Action:  This pending federal lawsuit, which is entitled *Townsend v. Monster Beverage Corporation*, Case No. EDCV12-02188, and previously was entitled *Fisher v. Monster Beverage Corporation*.

2.2    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3    Confidential Information:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Highly Confidential Information</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), are specified above in the Good Cause Statement, and contain highly sensitive nonpublic information, such as product formulas and recipes, ingredient specifications, energy blend specifications and composition, manufacturing processes, mixing instructions, or the identities of flavor and ingredient suppliers. All information falling under Protected Health Information and electronic Protected Health Information under HIPAA shall be designated HIGHLY CONFIDENTIAL. The Parties agree to meet and confer regarding whether any other highly sensitive nonpublic information should be limited to production in hard copy format.

2.5 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>: Attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.11 <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party, but are retained to represent or advise a Party and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16 <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. <u>SCOPE</u>

3.1 This Protective Order governs the use and handling of Discovery Material produced or supplied by

(a) a Producing Party; or

(b) any Non-Party.

3.2 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.3     Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

3.4     This Protective Order shall not apply to information or documents that are or become part of the public domain through no breach of the provisions of this Protective Order.

3.5     Nothing in this Protective Order shall be construed to limit the use or disclosure by a Party of its own Confidential Information or Highly Confidential Information.

3.6     Nothing in this Protective Order shall be construed to limit any obligations of confidentiality owed to either Party by law or by agreement arising independently of this Protective Order.

## 4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

The termination of employment of any person receiving information under the terms of this Protective Order who has had access to any Confidential Information or Highly Confidential Information, or the contents thereof, shall not relieve such person of his or her obligations hereunder, which shall survive.

## 5.    **DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIALITY Legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material.

(b)    for testimony given in depositions, that the Designating Party designate within thirty (30) days of receiving the final deposition transcript the page and line number those portions of the testimony that are to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the interim period, the deposition testimony and transcripts and video recordings of the depositions must be treated as CONFIDENTIAL INFORMATION. If any part of the deposition recorded by videographic means is designed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the recording storage medium and its container shall bear the "CONFIDENTIALITY Legend."

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. The Designating Party may designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" later if appropriate, and any Protected Material so designated shall be treated from the time of that designation as Confidential Information or Highly Confidential Information. Such correction and notice thereof shall be made in writing fifteen (15) days after discovery that such Confidential Information or Highly Confidential

Information was disclosed without the necessary designation, accompanied by substitute copies of each item or material, appropriately designated.

Within fifteen (15) days of receiving such correction and notice, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of the Protected Material that was inadvertently not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and inform all persons who received such Protected Material of the new designation. If any individuals who received Protected Material that inadvertently was not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" choose to destroy it rather than return it, they shall attest to counsel for the Producing Party that they have destroyed the material, including all copies.

5.4    Production of "HIGHLY CONFIDENTIAL" Information. Protected Material disclosing "HIGHLY CONFIDENTIAL" Information shall be produced only in hard copy and not in electronic format, unless the Producing Party chooses to produce such materials in electronic format.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*., and the Challenging Party and Producing Party shall attempt to resolve each challenge in good faith.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the challenge.

6.4     If agreement is reached to change the designation of any Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party shall serve on all Parties a notice specifying the information and nature of the agreement accompanied by substitute copies of each item or material, with appropriately revised designations.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of Confidential Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this Action;

1        (c)    the officers, directors, and employees (excluding House

2    Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

3    Action;

4        (d)    Experts (as defined in this Order) of the Receiving Party to

5    whom disclosure is reasonably necessary for this Action;

6        (e)    the court and its personnel;

7        (f)    court reporters and their staff;

8        (g)    professional jury or trial consultants, mock jurors, and

9    Professional Vendors to whom disclosure is reasonably necessary for this Action;

10       (h)    the author or recipient of a document containing the information

11   or a custodian or other person who otherwise possessed or knew the information;

12       (i)    during their depositions, witnesses, and attorneys for witnesses,

13   in the Action to whom disclosure is reasonably necessary.  Pages of transcribed

14   deposition testimony or exhibits to depositions that reveal Protected Material may

15   be separately bound by the court reporter and may not be disclosed to anyone

16   except as permitted under this Stipulated Protective Order;

17       (j)    any mediator or settlement officer, and their supporting

18   personnel, mutually agreed upon by any of the parties engaged in settlement

19   discussions or ordered by the Court;

20       (k)    outside photocopying, data processing, e-discovery or graphic

21   production vendors employed by any Party or its counsel to assist in the Action;

22   and

23       (l)    any person to whom the Designating Party agrees to disclosure

24   in writing in advance of the disclosure.

25       7.3    <u>Disclosure of Highly Confidential Information</u>.  Unless otherwise

26   ordered by the Court or permitted in writing by the Designating Party, a Receiving

27   Party may disclose any information or item designated "HIGHLY

28   CONFIDENTIAL" only to each category of persons identified in Paragraph 7.2(a)-

(b), (d)-(l), as long as those persons have a direct need to know such information for purposes of this Action. If any Party believes a person falling within the category of persons identified in Paragraph 7.2(c) has a direct need to know Highly Confidential Information for purposes of this Action, the Party shall meet and confer with the Designating Party before disclosing such information to that person, and will not disclose the information absent the Designating Party's consent. If the parties are unable to reach an agreement, either Party may seek assistance from the Court.

7.4     Disclosure of Confidential Information to persons identified in Paragraphs 7.2(d), (g), (i)-(j), and (l) and disclosure of Highly Confidential Information to persons identified in Paragraph 7.3 shall be made only after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A.** Counsel for the Party obtaining any signed declaration shall retain that declaration and need not disclose it to counsel for all other Parties unless requested by another Party or ordered to do so by the Court.

7.5     Persons receiving Confidential Information or Highly Confidential Information under this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any Confidential Information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information. The recipient of any Highly Confidential Information shall maintain such information in a separate locked file under the direct supervision of an attorney involved in this Action and shall exercise the same standard of due and proper care with respect to the storage, custody, use or dissemination of such information as is exercised by the recipient with respect to its own highly proprietary and confidential information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party, if requested.

9.3     If the Non-Party fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and all pertinent facts related to the disclosures, including steps taken to prevent any use or further

dissemination of the Confidential Information or Highly Confidential Information, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (e.g., work product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same subject matter.  Nothing in this Paragraph is intended to limit or otherwise modify the protections against waiver afforded by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or applicable law.

11.2    Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall provide written notice to the parties who have received such information. Within fourteen (14) days of the date of that written notice, the documents or materials described in that notice shall be returned to counsel for the Producing Party, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the documents or materials shall be destroyed.  No use shall be made of such documents or materials from such inadvertent production during deposition or at trial, nor shall such documents or materials be provided to anyone who did not

already have access to them prior to the request by the Producing Party that they be returned.

11.3   If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within this fourteen-day period, explaining the grounds for its challenge.  The Receiving Party shall initiate the dispute resolution process under Local Rule 37.1 within fourteen (14) days of date of service of the Receiving Party's notice disputing a claim of inadvertent production.

11.4   If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material in compliance with Local Rule 37, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure.  Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials and shall not make any use of such information.

11.5   Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, immunity from production, or proprietary interest with respect to any document or information.

## 12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material

may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.   **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14.   **ESI PRODUCTION PROTOCOL**

14.1   Documents should be produced as single page TIFF images if the documents are in black and white or .JPEG (or .JPG) images if the documents are in color.

14.2 Notwithstanding Paragraph 14.1, (1) Excel files and other file types, such as audio or video or source code files, for which a rendered image would not be a reasonably usable format should be produced in native format only (i.e. the format in which they are originally maintained, such as .XLS) and (2) "Highly Confidential" documents may be produced in hard-copy only per Paragraph 5.4.

14.3 Each document must be Bates stamped. If a document is produced as an image, each image should be Bates stamped and confidentiality designation endorsed, if any. Each image will have a file name as the Bates number. If an original document contains color, the document shall be produced as a single-page .JPEG (or .JPG) image with .JPEG (or .JPG) compression and a high quality setting so as to preserve legibility. If the document is produced in native format only, the file name should be named with the Bates number and confidentiality designation. If the document is produced in hard-copy, each page should be Bates stamped and endorsed as "Highly Confidential."

14.4 When a file to be produced is a compressed file (such as .zip, .rar, .cab, .z), the file should be decompressed so that all files are extracted and produced.

14.5 Extracted text of each electronic document should be provided at a document level .TXT file, and OCR full text for each document scanned from hardcopy or containing redactions should be provided as a document level .TXT file.

14.6 If documents in native format need to be redacted, the producing party will implement redactions while ensuring that proper formatting and usability are maintained.

14.7 Where production of ESI from a database is required, the parties shall endeavor to produce such ESI in a usable format, and agree to meet and confer, as needed, either prior to or after production to address any format issues.

14.8 To the extent it exists and is reasonably available, each party should provide the following metadata fields for a given document:

**General Metadata**

      (a)    PROD_VOLUME (production volume)

      (b)    BEGPRODBATE (beginning production number)

      (c)    ENDPRODBATE (ending production number)

      (d)    BEGPRODATT (first Bates number of attachment range)

      (e)    ENDPRODATT (last Bates number of attachment range)

      (f)    PARENT_BATES (first Bates number of parent document/email)

      (g)    CHILD_BATES (first Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments)

      (h)    CUSTODIAN (custodian or source of information for the document)

      (i)    FILENAME (document file name)

      (j)    FILESIZE (document file size in bytes)

      (k)    MD5HASH (de-duplication hash value)

      (l)    TITLE (file title)

      (m)    PAGES (total page count per document)

      (n)    NATIVE_PROD (location of native file in production volume)

      (o)    TEXT_PATH (path to document-level text files)

**Email-Specific Metadata**

      (p)    FROM (author of email)

      (q)    RECIPIENT (recipient of document)

      (r)    CC (copies)

      (s)    BCC (blind copies)

      (t)    SUBJECT (email subject)

      (u)    DATE_SENT (date document sent in MM/DD/YYYY format)

      (v)    TIME_SENT (time document sent in HH:MM:SS format)

14.9    When transmitted to the other party, each production directory should contain some or all of the following four sub-directories (depending on the type of documents being produced):

(a)    IMAGES – contains the images

(b)    TEXT – contains extracted text and/or OCR text

(c)    DATA – contains image load files and metadata load files

(d)    NATIVES – contains native files

## 15.    REMEDIES FOR VIOLATIONS OF ORDER

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  April 21, 2017          MORRISON & FOERSTER LLP

By:  /s/ Dan Marmalefsky
　　　　　　　Dan Marmalefsky

*Attorneys for Defendants*
*Monster Beverage Corporation and*
*Monster Energy Company*

Dated:  April 21, 2017          THE MEHDI FIRM, PC

By: /s/ Azra Z. Mehdi
　　　　　Azra Z. Mehdi

*Attorneys for Plaintiffs*
*Matthew Townsend, Ted Cross,*
*and the Putative Class*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

DATED:  April 27, 2017          _____
HON. KENLY KIYA KATO
U. S. MAGISTRATE JUDGE

# ECF ATTESTATION

I, Dan Marmalefsky, am the ECF User whose ID and password are being used to file this [PROPOSED] STIPULATED PROTECTIVE ORDER AND PROTOCOL FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION.  In accordance with Local Rule 5-4.3.4, concurrence in and authorization of the filing of this document has been obtained from Azra Z. Mehdi, counsel for Plaintiffs, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated:  April 21, 2017                              MORRISON & FOERSTER LLP

By: /s/ Dan Marmalefsky
          Dan Marmalefsky

**Attorneys for Defendants
Monster Beverage Corporation
and Monster Energy Company**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of April 2017, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

MORRISON & FOERSTER LLP

By: /s/ Dan Marmalefsky
          Dan Marmalefsky

**Attorneys for Defendants
Monster Beverage Corporation
and Monster Energy Company**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California in the case of *Matthew Townsend, et al. v.*

*Monster Beverage Corporation and Monster Energy Company*, Case No. EDCV12-

02188 VAP (OPx) ("Protective Order").

I agree to comply with and to be bound by all the terms of the Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.  I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for the purpose of

enforcing the terms of this Protective Order, even if such enforcement proceedings

occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Protective Order.

Executed this ___ day of _____ in _____,_____
                                    [month, year]            [city]            [state]

Printed name: _____

Signature: _____