UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 12-2188-VAP (KKx)** | Date: | September 13, 2017 |
|---|---|---|---|
| Title: | *Matthew Townsend, et al. v. Monster Beverage Corporation, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting Defendants' Motion to Compel [Dkt. 100]


On August 16, 2017, Defendants Monster Beverage Corporation and Monster Energy Company ("Defendants") filed a Motion to Compel seeking (1) production of documents responsive to Request for Production Nos. 6 and 8; and (2) responses to Interrogatory Nos. 7 through 11 ("Motion to Compel"). ECF Docket No. ("Dkt.") 100. For the reasons set forth below, Defendants' Motion to Compel is GRANTED.

## I.
## BACKGROUND

Plaintiffs Fisher, Townsend, and Cross filed a putative consumer class action regarding the safety of Defendants' energy drinks ("Monster Drinks"). Dkt. 1. On July 26, 2013, Plaintiffs Fisher, Townsend, and Cross filed a Second Amended Complaint ("SAC") asserting two types of misrepresentation claims – "on label" and "off label." Dkt. 51, SAC. On November 12, 2013, the Court granted Defendants' Motion to Dismiss the SAC and entered Judgment dismissing the SAC without prejudice. Dkts. 72, 73.

On July 8, 2016, the Ninth Circuit affirmed in part and reversed in part this Court's order granting Defendants' Motion to Dismiss the SAC, and remanded this case for further proceedings. Dkt. 79. Plaintiff Fisher and the "off label" claims were dismissed from the action without leave to amend due to lack of standing. Id. at 2. The Ninth Circuit held Plaintiffs

Townsend and Cross ("Plaintiffs") sufficiently stated claims for relief pursuant to three California statutes: the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 et seq.; the False Advertising Laws (FAL), Cal. Bus. & Prof. Code § 17500 et seq.; and the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §17200 et seq. Id. The court found Plaintiffs (1) plausibly alleged the statements on the labels of the Monster Drinks were misleading; (2) each "sufficiently plead his injury – i.e., that he suffered harm from consuming the Monster Drinks"; and (3) sufficiently plead that "but for" the statements on the labels of the Monster Drinks leading Plaintiffs to believe they were safe to drink, neither Plaintiff would have purchased and consumed Monster Drinks. Id. at 4.

On March 27, 2017, Defendants filed Answers to the remaining claims in the SAC. Dkts. 87, 88.

On April 27, 2017, the Court issued a Protective Order pursuant to the parties' stipulation. Dkts. 91, 94.

On June 16, 2017, Defendants' counsel sent Plaintiffs' counsel a letter regarding the deficiencies in Plaintiffs' responses to Defendants' Requests for Production and Interrogatories. Dkt. 102-1, Declaration of Purvi G. Patel ("Patel Decl."), Ex. 1.

On June 26, 2017, Plaintiffs filed a Motion for Class Certification. Dkt. 95. The hearing on Plaintiffs' Motion for Class Certification was continued to December 18, 2017. Dkt. 101.

On June 29, 2017, counsel for both parties met and conferred telephonically and it "became clear" that the parties had reached an impasse.[1] Patel Decl., ¶¶ 4-5.

On August 16, 2017, Defendants filed the instant Motion to Compel and Joint Stipulation pursuant to Local Rule 37-2. Dkt. 100. On August 24, 2017, Defendants filed a supplemental brief in support of the Motion to Compel. Dkt. 102. The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

---

[1] Plaintiffs argue Defendants failed to adequately meet and confer. While the Court does not wish to discourage the parties from resolving disputes among themselves, it is unclear from Plaintiffs' briefing what additional compromise could have been reached. Therefore, it appears the parties met and conferred in good faith and adequately complied with Local Rules 37-1 and 37-2.

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Therefore, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

## III.
## DISCUSSION

### A. DEFENDANTS' REQUESTS FOR PRODUCTION AND INTERROGATORIES

Defendants' Requests for Production and Interrogatories essentially seek Plaintiffs' medical history for the past ten years.

#### 1. Request for Production No. 6

"YOUR medical and dental records for the past 10 years, including but not limited to reports, analyses, charts, test results, lab results, graphs, electrocardiograph printouts, treatment notes, and diagnoses." JS at 10.

#### 2. Request for Production No. 8

"DOCUMENTS sufficient to identify all medications (prescription and over-the-counter) that YOU have taken in the past 10 years." Id. at 28.

///
///
///

### 3. Interrogatory No. 7

"Identify by full name, address, phone number, position, and relationship to YOU all individuals with knowledge of YOUR health [or medical] issues, as alleged in . . . the SAC, including any individuals who provided related medical treatment." Id. at 30.

### 4. Interrogatory No. 8

"Identify by name, address, phone number, type (e.g., urgent care clinic, hospital, or surgical center), all facilities at which YOU received medical treatment relating to YOUR health [or medical] issues, as alleged in . . . the SAC." Id. at 34.

### 5. Interrogatory No. 9

"Identify by name, address, phone number, type (e.g., primary care provider or cardiologist), and associated medical facility all doctors YOU have visited in the past 10 years." Id. at 36.

### 6. Interrogatory No. 10

"Identify all conclusions, determinations, and diagnoses related to YOUR health [or medical] issues as alleged in . . . the SAC, made by individuals who provided medical treatment to YOU." Id. at 38.

### 7. Interrogatory No. 11

"Identify by name, date, and period of consumption all medications (prescription and over the counter) YOU have taken in the past 10 years." Id. at 39-40.

## B. PLAINTIFFS' OBJECTIONS

Plaintiffs object to the Requests for Production on the grounds they (a) seek irrelevant information and are overbroad; and (b) violate HIPAA or "any other applicable privilege or immunity." JS at 10, 28. Plaintiffs object to the Interrogatories on the grounds they (a) are vague and ambiguous; (b) are compound; (c) seek irrelevant information and are overbroad; and (e) violate HIPAA or "any other applicable privilege or immunity." Id. at 30, 35, 36, 38, 40.

## C. ANALYSIS

As an initial matter, Plaintiffs appear to abandon their objections that the Interrogatories are vague and ambiguous or compound by failing to support the objections in the Joint Stipulation. See JS at 34. Pursuant to Local Rule 7-12, Plaintiffs' failure to oppose is deemed consent to accepting Defendants' argument that the Interrogatories are not vague and ambiguous or compound.

1. **Plaintiffs' Medical Records Are Relevant And Not Overbroad**

Defendants argue Plaintiffs' medical records are relevant to (a) Plaintiffs' allegations of injury suffered from drinking the Monster Drinks, and (b) the adequacy of Plaintiffs as class representatives in that their claims may be atypical or individual causation issues may predominate. JS at 14.

Plaintiffs first argue their medical records are not relevant because the Monster Drinks do not "purport to provide any kind of medical or health benefits." Id. at 20; see also id. at 7 ("The false and misleading labeling at issue in this case is not related to any purported medical or health benefits of energy drinks."). The Court finds the distinction between providing health benefits or causing injury to health is a distinction without a difference because both must be proven with medical evidence. Plaintiffs also argue their medical records are not relevant because the records will not show how many Monster Drinks Plaintiffs consumed in a day. Id. at 20-21. This argument is nonsensical. Plaintiffs allege the label is misleading because it led Plaintiffs to believe it was safe to drink up to three cans a day. Plaintiffs' medical records are relevant to establishing the basis for Plaintiffs allegation the Monster Drinks are unsafe. Lastly, Plaintiffs argue their medical records are not relevant because they are not seeking damages for health related injuries and their standing is based solely on economic injuries. Id. at 27-28. However, as noted by the Ninth Circuit, Plaintiffs' physical injuries are an element of their remaining claims. See Dkt. 79 at 4.

Therefore, the Court finds Plaintiffs' medical records are relevant to their claims and their adequacy as class representatives. In addition, based on the wide range of medical conditions alleged in the SAC, see SAC ¶¶ 24(b), 25, it does not appear Defendants' discovery requests are overbroad.

2. **Plaintiffs Have Waived The Doctor-Patient Privilege**

Plaintiffs argue their medical histories are protected by doctor-patient privilege under Sections 990 et seq. of the California Evidence Code. Because Plaintiffs' sole remaining claims are brought under state law, California's privilege law is applicable. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). However, the Court finds that to the extent Plaintiffs' medical records are protected by California's doctor-patient privilege, Plaintiffs have waived that privilege by putting their health in issue. Torres v. Superior Court, 221 Cal. App. 3d 181, 185, 270 Cal. Rptr. 401, 403 (Ct. App. 1990) ("Once the patient waives his right to confidentiality by putting his physical condition in issue by filing suit, any disclosure pertinent to the issues in litigation within the scope of section 996 is permitted.").

Specifically, Plaintiffs have placed their medical condition in issue by alleging in the SAC the Monster Drinks affected their health. SAC ¶ 24(b) (Townsend alleges his "heart frequently pounded too fast, he had chest pain and trouble sleeping" and in September 2012 "his blood pressure was registered at an average of 225 over 139, which is critically high."), ¶ 25 (Cross

alleges at a dental appointment his "blood pressure registered at 260 mm Hg Systolic," he had "vision problems, dizziness, nausea, and a severe headache," and he "was rushed to the hospital by ambulance where his blood pressure was registered at 280mm Hg and was operated on for a bleeding blood vessel in his brain."). Moreover, the Ninth Circuit found an element of Plaintiffs' claims was sufficiently pled based on their allegations that they "suffered harm from consuming the Monster Drinks." Dkt. 79 at 4. Therefore, to the extent any of the discovery sought was protected by California's doctor-patient privilege, such privilege has been waived.

### 3. Plaintiffs' Privacy Rights Do Not Support Non-Disclosure

Finally, Plaintiffs argue that balancing their federal privacy rights against the need for the information weighs in favor of non-disclosure. JS at 24-25. However, because Plaintiffs' sole remaining causes of action are based on California substantive law, California's substantive privacy laws apply. Godinez v. Alta-Dena Certified Dairy, No. CV 15-1652-RSWL (SSx), 2016 WL 6917270, at *2 (C.D. Cal. Jan. 22, 2016) (holding "a federal court sitting under diversity jurisdiction in California will apply California law as to the right of privacy).

The California Constitution expressly grants Californians a right of privacy. Cal. Const., art. I, § 1. The party asserting a privacy right must establish (1) a legally protected privacy interest, (2) an objectively reasonable expectation of privacy in the given circumstances, and (3) a threatened intrusion that is serious. Hill v. Nat'l Collegiate Athletic Assn., 7 Cal. 4th 1, 35-37, 865 P.2d 633 (1994). The party seeking information may raise in response whatever legitimate and important countervailing interests disclosure serves, while the party seeking protection may identify feasible alternatives that serve the same interests or protective measures that would diminish the loss of privacy. Id. at 37-40. A court must then balance these competing considerations. Id.; Williams v. Superior Court, 3 Cal. 5th 531, 552, 398 P.3d 69, 83–84 (2017) (reversing denial of discovery that was based on privacy grounds and declining to engage in balancing interests where two out of three Hill factors were absent).

Here, Plaintiffs have failed to establish a reasonable expectation of privacy or a threatened intrusion that is serious. The first factor weighs in favor of Plaintiffs because medical information is generally considered private. See Williams, 3 Cal. 5th at 554 (noting employee contact information is generally considered private and is "less sensitive than one's medical history"). However, under the circumstances discussed above where Plaintiffs have put their health and medical history at issue, Plaintiffs cannot have an objectively reasonable expectation that their medical records would remain confidential. See id. (finding fellow employees would expect their contact information would not be "withheld from a plaintiff seeking to prove labor law violations committed against them and to recover civil penalties on their behalf"). Moreover, there is no serious invasion of Plaintiffs' privacy threatened because the disclosures could be made subject to the terms of the Protective Order already entered in this case. See id. at 555 (finding no serious invasion of privacy where adequate protections could easily be put in place). Therefore, because two of the three threshold Hill requirements are absent here, there is no need to balance Plaintiffs' privacy interests against the countervailing need for disclosure. Id.

# IV.
# CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)  Defendants' Motion to Compel is **GRANTED**; and

(2)  ***Within ten (10) days of the date of this Order***, Plaintiffs shall produce documents responsive to Defendants' Requests for Production Nos. 6 and 8 pursuant to the terms of the parties stipulated Protective Order and verified responses to Interrogatories 7 through 11.