DAN MARMALEFSKY (BAR NO. 95477)
DMarmalefsky@mofo.com
PURVI G. PATEL (BAR NO. 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

DANIEL J. WILSON (BAR NO. 299239)
DWilson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
MONSTER BEVERAGE CORPORATION and
MONSTER ENERGY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTHEW TOWNSEND and TED CROSS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

MONSTER BEVERAGE CORPORATION and MONSTER ENERGY COMPANY,

Defendants.

Case No. EDCV12-02188 VAP (KKx)

**DEFENDANTS' OBJECTIONS TO NEW EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

The Honorable Virginia A. Phillips

Date: January 29, 2018
Time: 2:00 p.m.
Ctrm: 8A

Trial Date: none set

Date Action Filed: December 12, 2012

Defendants Monster Beverage Corporation and Monster Energy Company hereby object to new evidence submitted by Plaintiffs with Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification (ECF No. 126). Specifically, Plaintiffs have submitted a "Supplemental Report" by Thomas J. Maronick, which is based in part on a second consumer survey he conducted in early October 2017 ("Study 2"). (ECF No. 134-2.)

Study 2 and the portions of Dr. Maronick's Supplemental Report that are based on Study 2 are not "rebuttal" evidence, and there is no justification for Plaintiffs' failure to submit this evidence with their November 13, 2017 opposition to Defendants' motion to strike Dr. Maronick. By waiting until December 5 to disclose Study 2 and Dr. Maronick's related opinions, Plaintiffs have deprived Defendants of an opportunity to meaningfully respond, and have prejudiced Defendants. Accordingly, Defendants object to and request that the Court strike Dr. Maronick's Study 2 (Maronick Supp. Rpt. Ex. B) and Paragraphs 3c, 11-14 and 61-88 of his Supplemental Report, which are based on Study 2.

## I. RELEVANT BACKGROUND

On June 26, 2017, Plaintiffs' expert Dr. Maronick submitted a report in support of Plaintiffs' motion for class certification, which discussed, among other things, the results of a survey he conducted between May 15 and 22 ("Study 1"). (ECF No. 95-5; *see also* ECF No. 98.) Defendants took Dr. Maronick's deposition on September 6, and questioned him extensively regarding the methodology for Study 1 as well as the conclusions he drew based on the responses to the questions in that study.[1] Based on flaws in Study 1, on October 16, Defendants moved to strike Dr. Maronick as an expert. (*See* ECF No. 110.)

On November 13, Plaintiffs opposed Defendants' motion to strike. (ECF No.

[1] (*See* ECF No. 114, Declaration of Dan Marmalefsky ¶ 2, Ex. A; ECF No. 110, Motion to Strike the Expert Report and Testimony of Thomas Maronick at 6, 10-12, 19-20.)

124.) At that time, Plaintiffs did not file any further report from Dr. Maronick or disclose that he had conducted any further surveys. (*See id*.) Three weeks later, on December 5, Plaintiffs filed their reply in support of class certification (ECF No. 126), accompanied by a Supplemental Report from Dr. Maronick, based in part on a second survey he conducted between October 5 and 11 (Study 2). (Maronick Supp. Rpt. ¶ 67.) This was the first time Plaintiffs disclosed Study 2, which had been conducted one month ***before*** Plaintiffs' opposition to Defendants' motion to strike Dr. Maronick and nearly two months ***before*** Plaintiffs' reply filings.

## II. DR. MARONICK'S "STUDY 2" IS UNTIMELY AND SHOULD NOT BE CONSIDERED BY THE COURT

Plaintiffs chose to wait until the due date for Defendants' reply brief in support of their motion to strike Dr. Maronick to reveal that Dr. Maronick had conducted a second survey, thereby denying Defendants the opportunity to evaluate Study 2 and respond to Dr. Maronick's conclusions based on Study 2. As such, the Court should decline to consider this "completely new evidence" that Plaintiffs delayed filing until it was too late for Defendants to respond. *See In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014) (declining to consider a consumer perception survey introduced for the first time on reply).

Indeed, Dr. Maronick admits that he "design[ed]" his second survey to "address any perceived flaws in" his first survey. (Maronick Supp. Rpt. ¶ 3(c).) Dr. Maronick conducted Study 2 in the time between his September 6 deposition and Defendants' October 16 motion to strike. (*Id*. ¶ 67) (stating Study 2 conducted between October 5 and 11). Yet Plaintiffs waited until December 5 to introduce Study 2, despite the fact that the results of Study 2 were available to Plaintiffs well before they opposed Defendants' motion to strike on November 13. No basis exists for Plaintiffs' decision to save Study 2 for their reply in support of class certification. Dr. Maronick's conclusions based on Study 2 should have been submitted, if at all, with Plaintiffs' opposition to Defendants' motion to strike.

Plaintiffs' blatant "sandbagging" has prejudiced Defendants and deprived Defendants of the orderly process the Federal Rules envision. Defendants had no meaningful opportunity to evaluate Study 2, cross-examine Dr. Maronick at deposition regarding Study 2, work with their own experts, and include in their reply papers a discussion addressing defects in Dr. Maronick's Study 2.[2] This need to "conduct additional discovery" is in and of itself prejudicial. *Chavez v. AmeriGas Propane, Inc.*, No. CV 13-05813 MMM (MANx), 2015 WL 12859721, at *4 n.44 (C.D. Cal. Feb. 11, 2015) (refusing to consider new evidence offered on reply because the defendant "would be prejudiced" by having to "conduct additional discovery prior to filing its surreply").

Under these circumstances, the Court "can refuse to consider evidence or argument offered for the first time in reply." *Sanchez v. County of San Bernardino*, No. CV 10-09384 MMM (OPx), 2014 WL 12734756, at *4 (C.D. Cal. Mar. 10, 2014); *Chavez*, 2015 WL 12859721, at *4 (declining to "consider the new evidence, arguments, and theories first raised in [the plaintiff's] reply"). Plaintiffs should not be rewarded for their tactical decision to delay disclosure of Dr. Maronick's Study 2 and related conclusions. *See Clark v. State of California*, No. C 96-1486 CRB, 2010 WL 11409688, at ¶ 240, n.14 (N.D. Cal. Sept. 16, 2010) (declining to consider new evidence introduced on reply because "consideration of this evidence at this stage would deprive [the opposing party] of the opportunity to cross-examine the relevant witness"); *see also Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking declaration submitted on reply "[t]o the extent that the declaration introduces new evidence not presented in either the motion or opposition") (citing authorities).

[2] Defendants requested the raw data for Dr. Maronick's Study 2 from Plaintiffs on December 13, and received it after 5 p.m. PT on December 20, which further impeded Defendants' and Defendants' expert Dr. Kent Van Liere from evaluating Study 2. (Declaration of Daniel J. Wilson in Support of Defendants' December 22, 2017 Filings ¶ 14; Supplemental Expert Report of Dr. Kent Van Liere ¶ 4.)

## III. CONCLUSION

For all these reasons, Defendants respectfully request that the Court sustain Defendants' objections to the new reply evidence identified above and strike Study 2 and the portions of Dr. Maronick's Supplemental Report that are based on Study 2 (*i.e.*, Paragraphs 3c, 11-14 and 61-88). If the Court is inclined to consider Study 2 and related portions of Dr. Maronick's Supplemental Report, Defendants respectfully request that they be given an opportunity to re-depose Dr. Maronick and file either a sur-reply to Plaintiffs' motion for class certification or a supplemental brief in support of Defendants' motion to strike Dr. Maronick.[3]

Dated: December 22, 2017

MORRISON & FOERSTER LLP

By: */s/ Dan Marmalefsky*
Dan Marmalefsky

***Attorneys for Defendants Monster Beverage Corporation and Monster Energy Company***

[3] *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-] movant an opportunity to respond.") (alteration in original, citations and internal quotation marks omitted).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of December, 2017, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

*/s/ Dan Marmalefsky*
Dan Marmalefsky

***Attorneys for Defendants Monster Beverage Corporation and Monster Energy Company***